Providence & Worcester Railroad Co. vs. New York, New Haven & Hartford R. R. Company, et al. } Eq. No. 8269

#### June 20, 1928

TANNER, P. J. This is a bill in equity and is heard upon exceptions to the report of the Master appointed to determine exceptions taken to the bill for scandal and impertinence.

The exceptions taken by the complainant to the bill for impertinence are based upon objections to a large number of allegations in the bill which are intended to state all the surrounding circumstances, including negotiations which led up to the drafting of the lease as finally executed. Under the modern rule which permits the in-troduction of all such surrounding circumstances for the purpose of interpreting the contract, we cannot say that the Master was wrong in refusing to strike out the allegations excepted to for impertinence; neither can we say that the only matter excepted to for scandal was open to objection.

Complainant's exceptions are therefore overruled.

The Master granted the complainant's exception to certain allegations of preliminary drafts and negotiations which bear upon the word "additions" as embodied in the lease. While the word "additions" may seem unambiguous, yet in view of the extraordinary nature of the additions, including the railway tunnel and relaying of the road to East Providence at very great expense, it seems to us not improbable, in view also of the numerous discussions before the signing of the lease in reference to the nature of the additions, that there will be considerable controversy at the hearing as to the meaning of said word "additions." We think it much safer, therefore, not to strike from the bill at this time any of the allegations objected to for impertinence.

Respondents' exception to the striking out of the allegations referred to is therefore sustained.

For complainant: Edwards & Angell.

For respondents: Eugene J. Phillips, Swan, Keeney & Smith, Tillinghast & Collins.